**Zimmeri Claudius McNEAL, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 76–1753.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted March 24, 1977.

Decided April 18, 1977.

Zimmeri Claudius McNeal, pro se.

James L. Treece, U. S. Atty., Rod W. Snow, Asst. U. S. Atty., for respondent-appellee.

Before SETH, McWILLIAMS, and BARRETT, Circuit Judges.

PER CURIAM.

Appellant McNeal seeks review of the order of the United States District Court for the District of Colorado which denied habeas corpus relief. We affirm.

McNeal was convicted on his plea of guilty to distributing heroin and was sentenced to eighteen months imprisonment with a three year special parole. In March 1974 after serving about fourteen months at Leavenworth Penitentiary, he began the special parole.

The difficulties he complained of in the action below began when he was arrested in Denver on bad check charges in November 1974. On February 27, 1975 he plead guilty to criminal possession of a second degree forged instrument and was sentenced in late March to one year which later was changed to six months imprisonment. In

April 1975 his parole officer requested a warrant for violation of parole which was issued April 30, 1975. A detainer was lodged against appellant at the Denver County Jail while he was serving his state sentence. Appellant was transferred to federal custody on July 23, 1975 and returned to Leavenworth in September of that year. Following a December 9, 1975 parole hearing, parole was revoked based upon McNeal's guilty plea to the state charge of criminal possession of a second degree forged instrument.

Appellant filed Rule 35 and § 2255 motions with the United States District Court alleging that his due process rights had been violated by the delay in executing the violator warrant and the four and one-half month delay between execution of the warrant and the holding of the final revocation hearing.

It appears that appellant McNeal is claiming that the delay in executing the warrant and the delay in holding the revocation hearing after he was retaken on the warrant prejudiced him because the one year continuation to his next parole consideration dated from the December 1975 revocation rather than from the earlier date at which a parole revocation hearing should have been conducted.

■ The Supreme Court has now established that a *Morrissey* revocation hearing is not required until after the execution of the warrant when the parolee is taken into federal custody and that no due process right to a revocation hearing attaches while the federal parolee is imprisoned on the intervening state conviction. *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Eblen v. U. S. Board of Parole,* Unpublished 75–1311 (10th Cir., filed February 2, 1977).

■ Once a federal parolee has been retaken into federal custody, however, he is entitled to a parole revocation hearing within a reasonable time. *Morrissey v. Brewer,* 408 U.S. 471, 488, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Small v. Britton,* 500 F.2d 299, 302 (10th Cir. 1974). But contrary to appellant's assertion, an initial local hearing is not required where a parolee has already been convicted of a subsequent offense because that conviction gives the parole authority "probable cause" to believe that the parolee has committed acts that would constitute violation of parole conditions. *Morrissey v. Brewer, supra,* 408 U.S. at 485, 92 S.Ct. 2593.

Until recently the time limit for affording a parolee this revocation hearing was not specifically set either by statute or by regulation. The case law established that the proper boundary between reasonable and unreasonable delay was approximately the three month mark. *Creech v. United States Board of Parole,* 538 F.2d 205, 207–208 (8th Cir. 1976); see, *Marchand v. Director, U. S. Probation Office,* 421 F.2d 331, 335 n.5 (1st Cir. 1970). The court does not condone the Board of Parole's delay in providing appellant a final revocation hearing, and under certain circumstances a four and one-half month delay might be found unreasonable. See *Johnson v. Holley,* 528 F.2d 116 (7th Cir. 1975).

■ But delay, per se, does not constitute a violation of due process entitling an accused parole violator to immediate release where the parolee has finally been afforded the revocation hearing and the facts of the violation fairly adjudicated. See, *Cotner v. United States,* 409 F.2d 853 (10th Cir. 1969); *Letellier v. Taylor,* 348 F.2d 893 (10th Cir. 1965); *United States ex rel. Carson v. Taylor,* 403 F.Supp. 747 (S.D.N.Y.1975). For a parolee to establish a legal right to habeas relief, the delay, taking into consideration all the circumstances, must also be prejudicial. *Gaddy v. Michael,* 519 F.2d 669, 673 (4th Cir. 1975). We have considered the following facts in determining whether McNeal was denied due process by the Parole Board's handling of the revocation of his parole.

First, the facts upon which the parole revocation proceeding was based had been admitted by McNeal in pleading guilty to the state charge and were not open to controversy at the parole revocation hearing. The function of the revocation hearing was

primarily to decide whether the offense warranted revocation. Thus, this was not a case like *Morrissey* where the charges in the warrant were contested and it could plausibly be asserted that witnesses or evidence became unavailable. Appellant cannot claim to have been prejudiced in defending against the charge of violating his special parole. See, *Reese v. United States Board of Parole,* 530 F.2d 231 (9th Cir. 1976).

Nor does appellant claim to have been prejudiced in the presentation of mitigating circumstances to the Parole Board. McNeal set forth extensive material in the post-conviction motions relating to his family and employment problems which he felt mitigated the bad check charge. Presumably these circumstances could have been explained equally well to the Parole Board at the time he was afforded the revocation hearing.

Third, appellant in fact was provided a revocation hearing. He does not contend that the hearing was unfair. Even if the delay was unjustified, that fact alone is of no help to petitioner if finally a fair hearing was held which satisfied the requirements of the Constitution. *United States ex rel. Carson v. Taylor, supra,* at page 752.

Finally, appellant contends that he was prejudiced because the delay caused the continuation of his case for renewed parole consideration to date from the December revocation hearing rather than from the earlier date at which he argues he was entitled to a hearing. Assuming, *arguendo,* that the timing of the revocation hearing has any effect on the number of months appellant will be required to serve for having violated the conditions of his special parole, his next parole hearing was set off only about a month and a half by the delay. The Parole Board could properly have delayed providing the revocation hearing for approximately three months and in fact afforded him the hearing within approximately four and one-half months of the execution of the warrant.

In view of these circumstances we conclude that appellant was not denied due process by the Parole Board's delay in holding the final revocation hearing.

When this case was docketed in this court, the parties were notified that the appeal would be decided on the original record without oral argument. The parties were invited to submit memoranda in support of their respective positions. Neither of the parties has done so. We have thoroughly reviewed the files and records of this case and are convinced that the district court correctly denied relief. Accordingly, the judgment of the district court is affirmed.

The mandate shall issue forthwith.