Richard ROBINSON, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

Lawrence Paul McLEAN, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

Nos. 5397, 5404.

Supreme Court of Wyoming.

April 23, 1981.

Michael Schilling, Gerald M. Gallivan, Director, Defender Aid Program, Laramie, and Patrick L. Fagan, Student Intern, Defender Aid Program (argued), for appellants Robinson and McLean.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, and Mary B. Guthrie, Asst. Atty. Gen., (argued), for appellee State.

Before ROSE, C. J., and McCLINTOCK *, RAPER, THOMAS and ROONEY, JJ.

RAPER, Justice.

These appeals arise from appellants' conviction of armed burglary as defined in §§ 6–7–201(a)(i) and 6–7–201(b)(i), W.S. 1977.[1] The sole issue before us concerns the

---

\* Retired March 26, 1981, but continued to participate in the decision of the court in this case pursuant to order of the court entered March 30, 1981.

1. Section 6–7–201, W.S.1977:

"(a) Whoever, intentionally enters, or attempts to enter, any of the following places without the consent of the person in lawful possession and with intent to steal or commit

a felony therein may be imprisoned not more than fourteen (14) years:
  "(i) Any building or dwelling; or
  \*   \*   \*   \*   \*   \*
  "(b) Whoever violates subsection (a) under any of the following circumstances may be imprisoned not less than five (5) years nor more than fifty (50) years:
  "(i) While armed with a dangerous weapon; or

district court's denial of appellants' motions to dismiss on the grounds they were denied a speedy trial. Appellants contend that the district court's action was reversible error.

We will affirm.

The only facts relevant to this appeal concern events following appellants' arrest on February 15, 1980. From that date on, appellants were incarcerated since they could not post bond. They were appointed counsel and bound over for trial at their preliminary hearing held on March 3, 1980. Informations were filed against them on March 5, 1980. On the same date, the case was set for trial on June 16, 1980, some 103 days following the filing of the information.

Appellant-Lawrence McLean, on May 7, 1980 requested an immediate hearing claim-

ing that his constitutional rights to a speedy trial had been violated. A hearing on the matter was set for May 8, 1980; however, the record does not reflect that such a hearing was ever conducted. It should be observed that at that time no mention was made of Rule 22, Uniform Rules for the District Courts of the State of Wyoming [2], as adopted September 14, 1979, and further, appellant-Richard Robinson made no similar request of the court concerning the lack of a speedy trial. On July 3, 1980, Robinson filed a request identical to the one previously filed by McLean. On the same date, McLean filed a new and much more detailed motion seeking a dismissal of the charges against him. He claimed this was mandated by the court's failure to accord him a speedy trial under the Sixth Amend-

---

\* \* \* \* \* \*
"(c) For the purpose of this section, entry into a place during the time when it is open to the general public is with consent."

**2.** Rule 22, Uniform Rules for the District Courts of the State of Wyoming:

"(a) *Responsibility of court and counsel.*—It shall be the responsibility of court and *counsel* to insure to each person charged with a crime of speedy trial in accordance with the provisions of this rule.

"(b) *Priority over civil cases.*—Criminal trials shall take precedence over civil.

"(c) *Time limit.*—A criminal charge shall be brought to trial within 120 days following the filing of information or indictment in district court.

"(d) *Defendant in custody.*—A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 90 days following the filing of the information or indictment in district court.

"(e) *Excluded periods.*—The following periods shall be excluded in computing the time for trial:

"(1) All proceedings related to the mental illness or deficiency of the defendant.

"(2) Preliminary proceedings on another charge and trial on another charge.

"(3) Delay granted by the court pursuant to section (f).

"(4) The time between the dismissal and the refiling of the same charge.

"(5) Delay occasioned by defendant's change of counsel or application therefor.

"(f) *Continuances.*—Continuances or other delays may be granted as follows:

"(1) On motion of defendant on a factual showing of good cause supported by affidavit of defendant and defendant's counsel.

"(2) On motion of the prosecuting attorney if:

"(i) the defendant expressly consents to a continuance or delay and good cause is factually shown; or

"(ii) the state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time; or

"(iii) required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense. Upon receiving notice of possible delay under this subparagraph, it is incumbent on defendant to show specifically in writing wherein the delay may prejudice his presentation of a defense.

"(3) The court on its own motion may continue the case when required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense. Upon receiving notice of possible delay under this subparagraph, it is incumbent upon defendant to show specifically in writing wherein the delay may prejudice his presentation of defense.

"(g) *Absence of defendant.*—If and in event the defendant is absent and thereby unavailable for trial or for any pretrial proceeding at which his presence is required, the time period specified in (c) or (d) shall start to accrue anew upon defendant's being actually present in the county wherein the criminal charge is pending, and his presence appearing upon the record of the court.

"(h) *The time limits in (c) and (d) are maximum limits.*—Local court rules may shorten those periods." (Emphasis added.)

ment to the United States Constitution,[3] Section 10, Article I of the Wyoming Constitution,[4] Rule 45(b), W.R.Cr.P.,[5] and Rule 22, Uniform Rules for the District Courts of the State of Wyoming, supra. Both Robinson's and McLean's motions were heard on July 10, 1980 and denied by orders issued July 14, 1980. Their consolidated jury trial commenced on July 14, 1980. On July 17, 1980, the jury found the appellants guilty of aggravated burglary. Judgment and sentence as to Robinson was entered August 21, 1980, while as to McLean, it was entered September 22, 1980.

■ This court has just recently had an opportunity to discuss the law as it pertains to a criminal defendant's right to a speedy trial. *Estrada v. State*, Wyo.1980, 611 P.2d 850. There we recognized a balancing test had been previously adopted in this jurisdiction as the means by which a speedy trial claim should be judged. *Cherniwchan v. State*, Wyo.1979, 594 P.2d 464, 468. Under this analysis, four factors must be considered in particular. These factors include: (1) the length of the delay in getting to trial; (2) the reason for this delay; (3) the defendant's assertion of his rights during the delay; and (4) the prejudice suffered by the defendant as a result. *Estrada v. State*, supra, 611 P.2d at 852.

■ Analyzing the facts of this case in light of the Estrada test reveals little merit in appellants' claims. First, the length of time elapsing from the time the appellants were arrested until they were tried was five months. This was not an unduly long delay, in fact it was short when compared to the eleven month delay upheld in Estrada. Second, though the record does not reflect why the delay was necessary, presumably it

was a product of Natrona County's busy court docket.[6] Three, except for one motion filed after the first two months by only appellant-McLean which was not pushed but in fact apparently dropped, the appellants did not vigorously press the speedy-trial issue until two weeks before the commencement of the trial. Four, though prejudice is not an essential element to establish a speedy trial violation as provided in *Moore v. Arizona*, 1973, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183, no prejudice has been shown here; and further, because of the shortness of the delay, little prejudice could have been suffered. We must conclude that under Estrada there was no speedy trial violation.

■ However, our inquiry does not yet end. Before the Estrada opinion was handed down on May 28, 1980, the Wyoming Judicial Conference adopted Rule 22 on September 14, 1979. Rule 22 was not an issue in that case and was not considered by this court in the decision. Authority for promulgation of district court rules is found in Rule 52, W.R.Cr.P., which provides that:

"The Wyoming Judicial Conference may from time to time make and amend rules governing practice in the district courts not inconsistent with the Wyoming Rules of Criminal Procedure or applicable statutes. Copies of rules and amendments so made shall, upon their promulgation, be furnished to the Supreme Court."

There has been no showing in this case that proper procedures for the promulgation of Rule 22 were not followed. This court does not approve or disapprove district court rules upon receipt of a copy as provided by Rule 52, supra. The adoption

---

3. Sixth Amendment, United States Constitution:
   "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *."

4. Section 10, Article I, Wyoming Constitution:
   "In all criminal prosecutions the accused shall have the right to * * * a speedy trial * * *."

5. Rule 45(b), W.R.Cr.P.:

"(b) *By the court.*—If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against the defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

6. The appellants made no showing or argument that the delay was unnecessary.

of Rule 22 by the Judicial Conference was obviously to set guidelines to encourage and motivate prompt disposition of criminal cases and to avoid a constitutional violation with respect to speedy trial requirements. It should be noted particularly that no sanction of dismissal is provided by the rule. To so provide would have caused it to be inconsistent with Rule 45(b), W.R.Cr.P. by defining "unnecessary delay," which this court has decided must be determined on a case-to-case basis following standards and the tests set out in Estrada. Its adoption was accordingly admirable but the fixing of an absolute deadline by Rule 22(d), Uniform Rules for the District Courts of the State of Wyoming[7] was in conflict with, superseded and modified by Estrada.

Rule 22(d), supra, requires that when a defendant is held in custody unable to post bond that the trial shall be within 90 days following the filing of the information. Rule 22 does not grant substantive rights. It is merely ministerial, advisory in nature and a rule of practice for the orderly disposition of criminal cases.

In this case, appellants were kept incarcerated due to their inability to meet their bond and the trial commenced 131 days after the information was filed. Appellants claim that this was in violation of Rule 22 and as a result the dismissal of the charges against them was mandated. As pointed out, there is no mandate of dismissal in Rule 22, supra. This argument however ignores the fact that continuances or other delays may be granted by the court on a motion by the prosecutor or on its own motion when required in the due administration of justice. Rule 22(f), supra. Here there was no motion made specifically asking for a delay; the case was originally set 103 days from the filing of the information. We construe that to have been on the court's own motion under Rule 22(f)(3) in administering its docket. We believe that this comes within the intent of Rule 22 to provide the defendant with ample notice to object and comply with the following language found in both subparagraphs (f)(2) and (3) of Rule 22:

" * * * Upon receiving notice of possible delay under this subparagraph, it is incumbent on [*upon* in (f)(3)] defendant to show specifically in writing wherein the delay may prejudice his presentation of a defense."

Appellants were notified by mail on March 5, 1980 of the setting of the case beyond the ninety-day time period. On May 7, 1980, appellant-McLean filed the following:

"*MOTION FOR SPEEDY TRIAL*

"COMES NOW the Defendant, Lawrence McLean, by and through his attorney, Phillip T. Willoughby, and moves this Court for a hearing immediately on the grounds and for the reasons, the Defendant's rights have been violated pursuant to U.S. Constitution, Amendment XI and the Wyoming Constitution, Article I, Section 10.

"DATED this 7th day of May, 1980.
"LAWRENCE McLEAN
"BY:
"/S/ Phillip T. Willoughby
"Phillip T. Willoughby
"Attorney for Defendant"

Though a hearing was set on that motion, it never was held. On July 3, 1980 both appellants filed motions to dismiss for lack of speedy trial. After a hearing on July 10, 1980, the motions were denied. Obviously the district court concluded that appellants had failed "to show specifically in writing wherein the delay may prejudice his [their] presentation of a defense." Rule 22(f), supra. Our examination of the record likewise fails to disclose a demonstration of any prejudice whatsoever or that the delay was unnecessary.

Affirmed.

---

7. See footnote 2, supra.