Richard L. REESE, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 93–89.

Supreme Court of Wyoming.

Dec. 22, 1993.

Public Defender Program, Leonard D. Munker, State Public Defender, Deborah Cornia, Appellate Counsel, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

Appellant appeals the district court's order revoking his probation on a forgery conviction, alleging that the district court's failure

to hold the revocation hearing within thirty days of his initial appearance as prescribed by Wyo.R.Crim.P. 39 deprived the court of jurisdiction to revoke his probation.

We affirm.

## ISSUES

Appellant presents one issue for our review:

Did the trial court have jurisdiction to revoke appellant's probation?

The state, as appellee, rephrased the issue as:

Did the timing of appellant's revocation hearing deprive the district court of jurisdiction to revoke his probation?

## FACTS

In July, 1992, appellant Richard Reese, was arrested and charged with five counts of forgery in violation of WYO.STAT. § 6–3–602(a)(ii) (1988). In November, 1992, pursuant to a plea agreement, appellant pled guilty to one count of forgery. The district court sentenced appellant to not less than four nor more than six years in the Wyoming State Penitentiary. The sentence was suspended on the conditions that appellant successfully complete a drug and alcohol treatment program, attend the Community Alternatives of Casper program in Casper, Wyoming, and serve two years of supervised probation.

In February, 1993, the state filed a petition seeking revocation of appellant's probation. In a separate proceeding the state also filed criminal charges against appellant for two counts of larceny. The petition for revocation of appellant's probation alleged that appellant committed two acts of larceny by bailee, that he possessed and consumed alcohol, furnished alcohol to a minor, and tested positive for cocaine and alcohol. On February 4, 1993, appellant had his initial appearance on the revocation petition simultaneous with a bond hearing. Following the February 4, 1993 hearing appellant was released on bond. On February 22, 1993, the state requested a setting for appellant's revocation hearing, and on February 25, 1993, the district court set the revocation hearing for

March 9, 1993, thirty-one days after appellant's initial appearance.

At the conclusion of the March 9, 1993 revocation hearing, the district court revoked appellant's probation. This appeal followed.

## DISCUSSION

We will first address appellant's contention that the time limits set forth in Wyo. R.Crim.P. 39 are jurisdictional. In pertinent part, the rule reads as follows:

(B) A hearing on the petition shall be held within the following time limits:

(i) If the probationer is in custody because of the probation revocation proceedings, a hearing upon a petition for revocation of probation shall be held within 15 days after the probationer's first appearance before the court following the filing of the petition. If the probationer is not in custody because of the probation revocation proceedings, a hearing upon the petition shall be held within 30 days after the probationer's first appearance following the filing of the petition. For good cause the time limits may be extended by the court.

(ii) Where it appears that the alleged violation of conditions of probation consists of an offense with which the probationer is charged in a criminal proceeding then pending, the court may continue the probation revocation proceedings until the termination of the criminal proceeding if the probationer consents, or regardless of consent, if the probationer is not in custody because of the probation revocation proceedings.

Wyo.R.Crim.P. 39(a)(4)(B)(i) & (ii).

Appellant concedes that no sanction of dismissal is provided in Rule 39, but contends that the rule's use of mandatory language requires strict compliance with the time limits. We disagree and hold that the time limits set forth in Rule 39 are advisory in nature rather than mandatory.

We find Rule 39 similar, both in purpose and in language, to former Rule 204 of the Uniform Rules for the District Courts of the State of Wyoming. Rule 204 outlined the time frame within which a trial was to be

brought to satisfy a defendant's right to a speedy trial. It read, in relevant part:

> (b) A criminal charge *shall* be brought to trial within 120 days following the filing of information or indictment.

(Emphasis added).

Despite the rule's mandatory language, this court deemed the 120-day time frame advisory only, persuaded in part by its failure to provide for the sanction of dismissal, and in part by the purpose to be served by the rule. *Robinson v. State,* 627 P.2d 168, 172 (Wyo. 1981).

■ The Fourteenth Amendment right to a speedy trial "is intended to spare an accused those penalties and disabilities—incompatible with the presumption of innocence—that may spring from delay in the criminal process." *Cherniwchan v. State,* 594 P.2d 464, 468 (Wyo.1979) (quoting *Dickey v. Florida,* 398 U.S. 30, 41, 90 S.Ct. 1564, 1570, 26 L.Ed.2d 26, 34 (1970)). The purpose of Rule 204 was to safeguard a defendant's right to that speedy trial. *Robinson,* 627 P.2d at 172; *see also Harvey v. State,* 774 P.2d 87, 93 (Wyo.1989). However, this court held that the length of delay is only one factor to consider in determining whether a defendant's right to a speedy trial has been violated, and thus concluded the time frame set forth in Rule 204 was advisory only. *Harvey,* 774 P.2d at 93–94.

■ We conclude the same with respect to the time limits outlined in Rule 39. Rule 39 does not establish the district court's jurisdiction to revoke probation. WYO.STAT. §§ 7–13–301 through 307 provide the district court with its authority to place a person on probation, and the district court retains jurisdiction of an individual granted probation throughout the probationary period. *Wlodarczyk v. State,* 836 P.2d 279, 293 (Wyo. 1992); *Smith v. State,* 598 P.2d 1389, 1390 (Wyo.1979). The time limits prescribed by Rule 39 do not establish the parameters of the district court's jurisdiction, since the district court retained its original jurisdiction, but rather seek to prevent delays in contravention of a defendant's constitutional right to a speedy disposition of the charges against him. Federal due process requires that a

probationer be afforded an opportunity for a revocation hearing within a reasonable time after he is taken into custody. *Morrissey v. Brewer,* 408 U.S. 471, 488, 92 S.Ct. 2593, 2603–04, 33 L.Ed.2d 484, 498 (1972).

As noted earlier, the due process requirement prevents imposition of punishment before a finding of guilt and prevents prejudice to the probationer's defense through loss of evidence. The fifteen and thirty-day time limits set forth in Rule 39 provide reasonable times within which to hold a probation revocation hearing. This time frame affords greater protection than that outlined in *Morrissey* which held reasonable a lapse of two months from the date the probationer was placed in custody. *Morrissey,* 408 U.S. at 488, 92 S.Ct. at 2604, 33 L.Ed.2d at 498. The shorter period within which to hold the hearing prescribed by Rule 39 may have been motivated by an interest in securing greater protection of a probationer's due process rights than that afforded by federal law, or it could have been motivated by the state's interest in expediting the revocation of probation when the terms of that probation have been violated. Whatever the motivation, the court may, as indicated by the rule, deviate from the prescribed times for good cause. Rule 39(a)(4)(B)(ii) also permits deviations from the time limits if the alleged probation violation consists of an offense with which the probationer is charged in a pending criminal proceeding.

■ We therefore conclude that, while the thirty and fifteen-day time limits set forth in Rule 39 should be adhered to, failure to do so will not divest the trial court of its jurisdiction, nor will it result in an automatic dismissal of the revocation petition. In determining whether the revocation hearing was provided within a reasonable time, this court will consider the length of the delay (against the prescribed time frame), the cause of delay, and whether the delay prejudiced the probationer. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Smith v. United States,* 577 F.2d 1025 (5th Cir.1978); *United States ex rel. Sims v. Sielaff,* 563 F.2d 821 (7th Cir.1977); *McNeal v. United States,* 553 F.2d 66 (10th Cir.1977). The probationer carries the bur-

den of proving the unreasonableness of the delay and the prejudice imposed by the delay. *See United States v. Williams,* 558 F.2d 224, 226–28 (5th Cir.1977); *McNeal,* 553 F.2d at 68–69; *Kartman v. Parratt,* 535 F.2d 450, 455 (8th Cir.1976); NEIL P. COHEN & JAMES J. GOBERT, THE LAW OF PROBATION AND PAROLE § 14.04 (1983 & Supp.1992).

■ Having determined that Rule 39 is not jurisdictional, we next address whether the delay in this case was unreasonable and as such denied appellant his due process right to a speedy disposition of the charges against him.

Since Rule 39 advises what constitutes a reasonable time within which to hold the revocation hearing, we must conclude, absent a showing otherwise, the hearing was held within a reasonable time if the delay in this instance was the type of delay permitted by the rule. Rule 39(a)(4)(B)(ii) provides that the district court may continue the revocation hearing until termination of pending criminal proceedings, if it appears the charge in the proceedings also constitutes the alleged violation of the probation conditions. If, as Rule 39 provides, a hearing could reasonably be continued until termination of the pending criminal proceedings, then a continuance to a point prior to termination must also be deemed reasonable.

Subsection (a)(4)(B)(ii) applies in this case. The state charged appellant with two counts of larceny and sought revocation of appellant's probation at least partially upon the same ground. We do not agree with appellant's contention that the district court could not continue the hearing under this subsection without a formal motion and order. This court has held that when a case is initially set for trial or hearing beyond the time prescribed by the applicable rule, such an act is to be deemed a continuance upon the trial court's own motion and properly grounded in concerns of docket management and the due administration of justice. *Cook v. State,* 631 P.2d 5, 10 (Wyo.1981); *Robinson,* 627 P.2d at 172.

Appellant's revocation hearing took place thirty-one days after his initial appearance before the trial court, a delay of one day. Since the trial court initially scheduled the hearing with the one-day delay, we will presume the delay was a continuance upon the court's own motion and properly grounded in concerns of docket management and due administration of justice, particularly the trial court's concerns regarding the pending larceny proceedings. Appellant has not demonstrated otherwise, and he has failed to carry his burden of proving the delay of one day was unreasonable and prejudiced him.

## CONCLUSION

We hold the time limits prescribed by Wyo.R.Crim.P. 39 are not jurisdictional. In light of appellant's failure to demonstrate the unreasonableness of the one-day delay and his failure to prove prejudice resulting from the delay, we must conclude the delay was reasonable and did not violate appellant's due process right to a speedy disposition of the charges against him.

The decision of the district court is affirmed.