16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry Iron CLOUD, Petitioner-Appellant,
v.
UNITED STATES PAROLE and W.A. Perrill, Warden, Respondents-Appellees.
 No. 93-1350.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.[2]
 
 
 2
 In May 1992, Petitioner-Appellant Larry Iron Cloud ("Iron Cloud") was paroled to the District of South Dakota, after having served about five and a half years of his ten-year federal sentence. In August 1992, Iron Cloud's probation officer sent the U.S. Parole Commission a notice that Iron Cloud had committed an offense that constituted a parole violation.[3] As a result, the Parole Commission issued a warrant for Iron Cloud's arrest on August 17, 1992. On September 8, Iron Cloud was arrested in Denver for drunk driving and obstruction of an officer, and was placed in a state jail. Iron Cloud alleges that, but for a federal detainer, he would have been released on bail by the state at that time. The U.S. Marshal's office in Denver notified the Parole Commission of Iron Cloud's situation. After Iron Cloud pled guilty to the state offenses, the U.S. Marshal executed the warrant against Iron Cloud and took him into federal custody on October 2, 1992. In a February 2, 1993 hearing, the Parole Commission revoked Iron Cloud's parole.
 
 
 3
 Iron Cloud, after filing an administrative appeal, brought this 2241 habeas corpus action in the District of Colorado. The district court, accepting the report of the assigned magistrate, rejected all of Iron Cloud's challenges to his parole revocation on the merits.
 
 
 4
 On appeal, Iron Cloud claims: 1) that he was improperly denied credit against his sentence for time spent in state custody due to the federal detainer; 2) that the Parole Commission improperly considered a previous juvenile conviction that should have been expunged under California law; and 3) that his final parole revocation hearing was unduly delayed.
 
 I.
 
 5
 Iron Cloud claims that the Parole Commission improperly failed to give him credit for the time spent in the Denver jail due to the federal detainer before the federal authorities actually took custody of him. However, after the Parole Commission revoked Iron Cloud's parole, he did not appeal its decision on this subject to the National Appeals Board, as he did his two other issues. 28 C.F.R. 2.26.[4] Administrative exhaustion is a prerequisite to federal habeas corpus actions. Clonce v. Presley, 640 F.2d 271, 273 (10th Cir.1981). Iron Cloud cannot obtain the administrative appeal at this point, because appeals from Parole Commission decisions must be made within 30 days of the Commission's decision. 28 C.F.R. 2.26. Thus, we will review this issue on the merits only if Iron Cloud can show cause and actual prejudice as to why he could not appeal the Parole Commission's omission of the time he claims he should be credited. United States v. Frady, 456 U.S. 152, 167-68 (1981). Iron Cloud makes no such showing. Indeed, all the facts necessary to make that appeal should have been known by Iron Cloud far in advance of the parole revocation hearing and appeal. We thus affirm the district court's denial of relief on this issue.
 
 II.
 
 6
 Iron Cloud's second argument is that the Parole Commission improperly relied on a past California juvenile conviction to calculate his "salient factor score," when the conviction was supposed to have been expunged under California law. The "salient factor score" is a number from 0 to 10 that is designed to guage the risk that the prisoner will violate parole. 28 C.F.R. 2.20. Past convictions are relevant in this determination, including juvenile convictions. Although juvenile convictions may be expunged under California law, they may still be considered by the Parole Commission to calculate Iron Cloud's "salient factor score" as a matter of federal law. 28 C.F.R. 2.20, Ch. 13-"Salient Factor Scoring Manual", Instruction A.6.[5] Thus, the Parole Commission's consideration of Iron Cloud's juvenile conviction was proper.
 
 III.
 
 7
 Iron Cloud's final argument is that he should be released because his final parole revocation hearing occurred almost a month after the date that was required by 18 U.S.C. 4214(c). Section 4214(c) requires the government to grant an alleged parole violator in Iron Cloud's position a hearing within 90 days of the date that the alleged parole violator was retaken by federal authorities. Iron Cloud is correct that his final parole revocation hearing occurred about a month late.
 
 
 8
 However, we have held that the Parole Commission's failure to hold a timely parole revocation hearing does not rise to the level of a due process violation unless the petitioner can show that he or she was prejudiced by the delay. McNeal v. United States, 553 F.2d 66, 68-69 (10th Cir.1977). (per curiam). Although Iron Cloud claims that he was unable to obtain witnesses because of the 30 day delay, he provides absolutely no details on appeal or in the record. It is unclear from the record exactly how Iron Cloud could have suffered prejudice from the 30 day delay, particularly where he waived his right to present witnesses or evidence at the two preliminary hearings and final revocation hearing. Thus, we agree with the magistrate and district judge that Iron Cloud has failed to make a showing of prejudice.
 
 
 9
 Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We deny Iron Cloud's motion to strike the "replacement" brief of the Appellee
 
 
 [3]
 Iron Cloud had committed an earlier offense that could have resulted in parole revocation, but this act was ignored by the authorities
 
 
 [4]
 It is somewhat unclear from the record whether the third issue regarding the delayed hearing was actually appealed to the Appeals Board and thus exhausted. The Board found that there were no procedural defaults and it is unclear whether they were referring to the delay issue. Since we conclude that there is no merit to Iron Cloud's argument on that issue, we dismiss it on the merits
 
 
 [5]
 Instruction A.6 reads:
 A.6 Setting Aside of Convictions/ Restoration of Civil Rights Setting aside or removal of juvenile convictions/adjudications is normally for civil purposes (to remove civil penalties and stigma). Such convictions/adjudications are to be counted for purposes of assessing parole prognosis.... However, convictions/adjudications that were set aside or pardoned on grounds of innocence are not to be counted.