# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

**Patrick Fisher**                                                                                              **Elisabeth A. Shumaker**
**Clerk**                                                                                                         **Chief Deputy Clerk**

4/28/06

**TO:** ALL RECIPIENTS OF THE CAPTIONED ORDER AND JUDGMENT

**RE:** 95-3229 Martin v. Lowe
         May 29, 1996 by The Honorable James K. Logan

Please be advised of the following correction to the captioned decision:

The citation to <u>Jefferson v. Hart</u>, No. 95-3025, on page three of the order and judgment contains an incorrect date. The correct date is May 29, 1996.

Please make the appropriate correction to your copy.

Very truly yours,

Patrick Fisher, Clerk

Beth Morris
Deputy Clerk

————————

VANCE C. MARTIN,          )
                                      )

        Petitioner-Appellant,    )
                                        )

        v.                       )           No. 95-3229
                                        )    (D.C. No. 92-CV-3341)

COMMANDANT, COL. GREGORY A.   )      (D. Kansas)
LOWE,                                )

                                        )
        Respondent-Appellee.    )

————————

ORDER AND JUDGMENT[*]

————————

Before ANDERSON, BARRETT and LOGAN, Circuit Judges.

————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered

————————

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

submitted without oral argument.  We grant the right to appeal in forma pauperis because on its face the complaint raises a colorable claim of a constitutional violation.

Petitioner Vance C. Martin, a prisoner in the United States Disciplinary Barracks in Fort Leavenworth, Kansas, appeals from the denial of his federal habeas corpus petition.  He asserts that application of an amendment to Department of Defense Directives governing parole and clemency procedures which is more restrictive than that in place when he was convicted and sentenced violates the Ex Post Facto Clause of the Constitution.  As a result of the amendment, instead of receiving annual clemency and parole consideration beginning in 1989, petitioner was not considered until 1992.

The district court found that modification of the directive indeed "violated ex post facto principles by retroactively increasing the length of time to be served before a military inmate could be considered for parole."  I R. doc. 21 at 2.  The district court reasoned, however, that because petitioner has received annual clemency and parole hearings since December 1993 (in which clemency and parole were denied), he has received all the relief to which he is entitled.  Cf. Devine v. New Mexico Dep't of Corrections, 866 F.2d 339, 347 (10th Cir. 1989) (when inmate's punishment was retroactively enhanced by modified parole statute he must be provided a parole hearing before the time period provided for by the prior statute expires; if not he must be released).

2

We have reviewed petitioner's brief and the record and are satisfied that the district court accurately summarized the facts and correctly applied the law.  A habeas corpus petitioner who has been deprived of timely parole and clemency consideration is entitled to a prompt hearing, not release.  See, e.g., Jones v. Bureau of Prisons, 903 F.2d 1178, 1181 (8th Cir. 1990); cf. McNeal v. United States, 553 F.2d 66, 68 (10th Cir. 1977) (delay in providing parole revocation hearing not per se violation of due process requiring that inmate be released).  This appeal is controlled by Jefferson v. Hart, entered this day. See Jefferson v. Hart, No. 95-3025 (10th Cir. May 24, 1996).

AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge

3