F I L E D
United States Court of Appeals
Tenth Circuit

FEB 26 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WALLACE R. WHITE, JR.,

    Plaintiff-Appellant,

v.

DAVID M. BRALEY; HARRY
KEPHART; GARY HART; HENRY
HUTCHERSON; WANDA GRAY,

    Defendants-Appellees.

No. 98-6361
(D.C. No. CV-97-1263)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Wallace R. White brought this action pursuant to 42 U.S.C. § 1983, alleging prison officials violated his due process rights by removing him from pre-parole conditional supervision (PPCS) without a hearing, which was not held until four months later. He requested monetary damages. The district court dismissed Mr. White's section 1983 claim insofar as it was based on the state's four-month delay in providing a proper removal hearing. It held that Mr. White's claim was deficient because 1) he had not argued that any prejudice stemmed from the delay, and 2) he failed to allege that a named defendant was personally responsible for the delay. The district court also held Mr. White's allegations that his hearing was procedurally defective or that the hearing officer reached the wrong result were in effect a collateral attack on his removal from PPCS and his continuing confinement and therefore required exhaustion in state court. It dismissed those claims without prejudice. We affirm.

In August 1991, Mr. White began serving a 25-year sentence for the unlawful possession of marijuana with the intent to distribute after a former conviction of a felony. In April 1996, the Department of Corrections (DOC) released Mr. White into the PPCS program. Almost a year later, on April 15, 1997, Mr. White tested positive for marijuana usage during a meeting with his parole officer. Corrections officials then took Mr. White into custody and searched him, finding a knife. The DOC filed two misconduct reports. It

removed Mr. White from the PPCS program by administrative action and re-incarcerated him.

Approximately two months later, the DOC implemented new procedures governing the removal of inmates from the PPCS program in response to the Supreme Court's decision in *Young v. Harper*, 520 U.S. 143 (1997). In *Harper*, the Court ruled a participant in Oklahoma's PPCS program was entitled to the procedural safeguards set forth in *Morrisey v. Brewer*, 408 U.S. 471 (1972), before removal from the program. The DOC notified Mr. White he was entitled to such a hearing on August 6, 1997, and held the hearing eight days later. Mr. White was found guilty of using drugs and possessing a weapon in violation of PPCS program rules. These findings were affirmed on rehearing.[1]

Mr. White's section 1983 complaint is infirm because he failed to allege that the four-month delay was actually prejudicial to him. We have held that "delay [of a parole revocation hearing], per se, does not constitute a violation of due process . . . where the parolee has finally been afforded the revocation hearing and the facts have been fairly adjudicated." *McNeal v. United States*, 553 F.2d 66, 68 (10th Cir. 1977). Rather, "the delay, taking into consideration all the circumstances, must also be prejudicial." *Id.* Mr. White has not alleged that the

---

[1] Mr. White successfully appealed the misconduct report based on the drug testing, and it was expunged from his record. That, however, did not affect the DOC's findings during Mr. White's post-*Harper* hearing.

delay interfered with his ability to call witnesses or present evidence, or explained with any specificity how he was otherwise prejudiced. "Even if the delay was unjustified, that fact alone is of no help to petitioner if finally a fair hearing was held which satisfied the requirements of the Constitution." *Id.* at 69.

Mr. White correctly cites *Carey v. Piphus*, 435 U.S. 247 (1978), for the proposition that a plaintiff who brings a successful section 1983 action based on a due process violation is entitled to nominal damages even if there is no proof of actual injury. *See id.* at 266-67. In *Piphus*, however, the district court found that the plaintiff's procedural due process rights had been violated and the question on appeal was one of damages. *See id.* at 247, 265. Here, the issue is whether Mr. White suffered an unconstitutional deprivation of his procedural due process rights due to the delay. As noted above, this court has ruled that a prisoner in Mr. White's position has not had his due process rights violated unless he has shown prejudice resulting from the delay. Because Mr. White has not alleged such prejudice, he has not articulated a cause of action under section 1983. The issue of damages is therefore irrelevant.

Mr. White also failed to allege that a named defendant was personally responsible for delaying his PPCS removal hearing. "[P]ersonal participation is an essential allegation to a § 1983 claim." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (quoting *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th

Cir. 1976)). Although Mr. White now alleges personal participation of DOC officials, we do not consider allegations raised for the first time on appeal. *See Sac & Fox Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir. 1995).

To the extent Mr. White's complaint is based on allegations that the hearing itself was procedurally defective or that the DOC's findings were incorrect, we do not consider them here. Section 1983 is an inappropriate vehicle for bringing such an action because such defects "if established, [would] necessarily imply the invalidity of the deprivation" of Mr. White's pre-parole status. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Habeas corpus is the proper vehicle for such contentions. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-94 (1973). To bring those claims, Mr. White must first exhaust his remedies in state court.
*See id.*

We **AFFIRM** the district court and dismiss with prejudice Mr. White's claim for money damages based on the delay of his PPCS removal hearing. We dismiss without prejudice Mr. White's claims that his hearing was procedurally defective or that the hearing officer reached the wrong result.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge