2002 WY 182

**William Jeffery DONEY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**Vincent Leroy Brown, Appellant (Defendant),**

v.

**The State of Wyoming, Appellee (Plaintiff).**

**Nos. 01–73, 01–89.**

Supreme Court of Wyoming.

Dec. 18, 2002.

Representing Appellants: Kenneth Koski, Public Defender; Donna D. Domonkos, Appellate Counsel; Diane Courselle, Director, Defender Aid Program; and Kirk Morgan, Intern.

Representing Appellee: Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Sen-

ior Assistant Attorney·General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Lloyd D. Rickenbach, Intern.

Before HILL, C.J., and GOLDEN, LEHMAN,* KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] In 2001, Vincent Leroy Brown (Brown) and William Jeffery Doney (Doney) were arrested on probation revocation warrants. Brown first appeared before a judicial officer forty-eight days after the warrant was executed against him and Doney first appeared before a judicial officer eighteen days after the warrant was executed against him. In both appeals, we conclude that, based on the records before us, these delays were unnecessary and violated the W.R.Cr.P. 39(a)(2) requirement that a "probationer arrested on a warrant and taken into custody shall be taken before a judicial officer without unnecessary delay." To remedy this violation, we remand to the district court for modification of its sentencing orders to credit Brown and Doney for time served against their respective minimum and maximum sentences, beginning when each was arrested and ending the date each first appeared before a judicial officer.

## ISSUES

[¶ 2] We rephrase the issues stated by Brown and Doney as follows:

1. Considering the circumstances of these particular appeals, was the W.R.Cr.P. 39(a)(2) requirement that "[a] probationer arrested on a warrant and taken into custody shall be taken before a judicial officer without unnecessary delay" violated?

2. If so, what constitutes an appropriate remedy?

## FACTS

### BROWN

[¶ 3] In 1998, Brown pled guilty to one count of burglary, a felony. The district court deferred acceptance of that plea pursuant to Wyo. Stat. Ann. § 7–13–301 (Lexis

1999), and conditionally placed him on probation for five years. In February 1999, Brown admitted to violating this probation. The district court revoked the probation, accepted Brown's guilty plea, and sentenced him to a three-to-five year prison term with a recommendation that he be ᵖplaced at the Wyoming Conservation Camp. After Brown graduated from the Wyoming Conservation Camp, the district court suspended the balance of his sentence and conditionally placed him on supervised probation for three years.

[¶ 4] On September 26, 2000, the State petitioned the district court to revoke Brown's probation. That same day, the district court issued a warrant for Brown's arrest. The Fremont County sheriff's office arrested Brown on the warrant on January 26, 2001. In orders filed the same day, the district court appointed a public·defender to represent Brown in the revocation proceeding and ordered Brown to appear on March 15, 2001, for a "hearing." Brown remained in jail.

[¶ 5] At the hearing on March 15, 2001, the district court advised Brown of the allegations contained in the revocation petition and of the items listed in W.R.Cr.P. 39(a)(3). The district ʿcourt also informed Brown that since he was in custody, a revocation hearing "must be held within 15 days from today, unless for good cause these limits are extended by the Court." Brown then admitted to violating the terms of his probation. The district court revoked Brown's probation, imposed the three-to-five year prison term, suspended that sentence and ordered Brown to apply for placement at a community alternative center in Wyoming. Upon his successful completion of that program, the district court ordered that Brown again be conditionally placed on supervised probation for three years. The district court decided that Brown should not receive credit for the time he served between his January 26, 2001, arrest and the March 15, 2001, hearing.

### DONEY

[¶ 6] In 1999, Doney pled guilty to one count of forgery, a felony. The district court sentenced Doney to a three-to-five year pris-

---

* Chief Justice at time of oral argument.

on term, but suspended that sentence and conditionally placed him on supervised probation for three years. On February 2, 2001, the State petitioned the district court to revoke Doney's probation. The district court issued a warrant for Doney's arrest on February 2, 2001, and it appears that the Fremont County sheriff's office arrested Doney on the warrant that same day.[1] Doney filed a financial affidavit on February 5, 2001, and, in an order filed February 6, 2001, the district court appointed the public defender to represent him in the revocation proceeding.

[¶ 7] In an Order for Hearing also filed on February 6, 2001, the district court ordered Doney to appear for a "hearing" on February 20, 2001. At that hearing, the district court advised Doney of the allegations contained in the revocation petition and of the items listed in W.R.Cr.P. 39(a)(3). Doney then admitted to violating the terms of his probation. The district court revoked Doney's probation, again conditionally placed him on supervised probation for three years, and ordered that he successfully complete a community alternative center program. The district court decided that Doney would "not receive credit for the twenty-six (26) days pre-revocation incarceration." [2]

[¶ 8] Brown and Doney appeal from the orders imposing their respective probation revocation sentences, which appeals were consolidated for our review. The appellate issues raised by Brown and Doney involve questions of law, which we review *de novo*. *Worcester v. State*, 2001 WY 82, ¶ 13, 30 P.3d 47, 52 (Wyo.2001).

### DISCUSSION

[¶ 9] Brown and Doney first argue that W.R.Cr.P. 39(a)(2) was violated in their

cases because neither of them was taken before a judicial officer "without unnecessary delay" following their arrests on probation revocation warrants. To remedy this violation, Brown and Doney seek credit against their sentences for the time they remained incarcerated pending their appearances before a judicial officer. We find the analysis of this issue to be dispositive in both appeals, rendering additional arguments presented by both parties moot.

[¶ 10] However, we will briefly address the State's contention that Brown and Doney waived our consideration of the claimed W.R.Cr.P. 39(a)(2) violation because both admitted to violating the terms of their respective probations. To support this argument, the State cites to a single case for the general proposition that a "plea of guilty waives all nonjurisdictional defenses." [3] We decline to consider the merits of this argument, absent a more detailed analysis or citation to additional authority pertinent to the particular circumstances of the instant appeals.[4]

### HISTORICAL CONTEXT OF W.R.CR.P. 39

[¶ 11] Prior to 1991, the criminal rule governing probation revocations provided:

> The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing.

W.R.Cr.P. 33(f) (1968). The 1991 criminal rules revision (effective March 24, 1992) created Rule 39 to govern probation revocations, which rule provided, in pertinent part:

> (a) Revocation of probation.—Proceedings for revocation of probation shall be

---

1. The return indicates that the Fremont County sheriff's office served the warrant on January 2, 2001. However, this appears to be a mistake. The State filed the revocation petition on February 2nd, the district court issued the arrest warrant on February 2nd, and the arrest warrant is stamped "RECEIVED" by the sheriff's office on February 2nd.

2. The State represented to the district court that Doney had "been in jail since January 26. I count 26 days of incarceration." For purposes

of this appeal, it does not appear that Doney was arrested pursuant to a warrant until February 2, 2001.

3. *See Smith v. State*, 871 P.2d 186 (Wyo.1994).

4. Indeed, the State concedes that "if Appellants were entitled to credit against their sentences based simply upon the fact of their prehearing detention, their admissions would not foreclose challenge to a denial of that credit."

initiated by a petition for revocation filed by the attorney for the state, setting forth the conditions of probation which are alleged to have been violated by the probationer and the facts establishing the violation.

(1) Process.—If it appears from a verified petition to revoke probation, or from an affidavit or affidavits filed with the petition, that there is probable cause to believe the probationer violated the terms of probation, the court shall order the probationer to appear before the court on a date and time stated to answer to the allegations in the petition. Upon the written request of the attorney for the state demonstrating good cause therefor, the court may issue a warrant for the probationer. A copy of the petition for revocation shall be served upon the probationer along with the order to appear or warrant.

(2) Appearance.—A probationer arrested on a warrant and taken into custody shall be taken before a judicial officer without unnecessary delay, but in any event within 48 hours of arrest.

(3) Advice to Probationer.—At the probationer's first appearance before the court, the court shall advise the probationer of the allegations of the petition for revocation and of the contents of any affidavits and shall further advise the probationer:

(A) Of the probationer's right to retain counsel and, where applicable, the right to appointed counsel;

(B) That the probationer is not required to make a statement and that any statement made could be used against the probationer;

(C) Of the right to a hearing before a judge without a jury;

(D) Of the state's burden of proof;

(E) Of the probationer's right to confront adverse witnesses, to call other witnesses and have court process to obtain the testimony of reluctant witnesses and to present other evidence at the hearing; and

(F) If the probationer is in custody, of the general circumstances under which release may be secured pending a hearing.

[(4)] Plea.—The probationer shall be given a copy of the petition for revocation of probation before being called upon to plead. The probationer shall be called upon to admit or deny the allegations of the petition for revocation. If the probationer admits the allegations of the petition, the court may proceed immediately to disposition, or may set a future date for disposition. If the petitioner denies the allegations of the petition, or declines to admit or deny, the court shall set the matter for hearing.

(A) If further proceedings are to follow the first appearance, the court may commit or release the probationer as provided in Rule 46.2.

(B) A hearing on the petition shall be held within the following time limits:

(i) If the probationer is in custody because of the probation revocation proceedings, a hearing upon a petition for revocation of probation shall be held within 15 days after the probationer's first appearance before the court following the filing of the petition. If the probationer is not in custody because of the probation revocation proceedings, a hearing upon the petition shall be held within 30 days after the probationer's first appearance following the filing of the petition. For good cause the time limits may be extended by the court.

(ii) Where it appears that the alleged violation of conditions of probation consists of an offense with which the probationer is charged in a criminal proceeding then pending, the court may continue the probation revocation proceedings until the termination of the criminal proceeding if the probationer consents, or regardless of consent, if the probationer is not in custody because of the probation revocation proceedings.

[(5)] Hearing.—At the hearing upon the petition for revocation of probation, the state must establish the violation of the conditions of probation alleged in the petition by a preponderance of the evidence.

(A) The probationer shall have the right to appear in person and by counsel, and to confront and examine adverse witnesses.

(B) The Wyoming Rules of Evidence shall apply to the adjudicative phase of probation revocation hearings, but not to the dispositional stage.

[ (6) ] Findings.—If the court finds a violation of conditions of probation and revokes probation, it shall enter an order reciting the violation and the disposition.

W.R.Cr.P. 39 (effective March 24, 1992).

[¶ 12] We noted in *Cooney v. White*, 845 P.2d 353, 366 n. 18 (Wyo.1992), *cert. denied*, 510 U.S. 813, 114 S.Ct. 60, 126 L.Ed.2d 30 (1993) that

W.R.Cr.P. 39 (effective March 24, 1992) in rewriting the prior judicial probation revocation rule, W.R.Cr.P. 33(f), recognized in specific provisions the due process concerns created by the *Cooney* litigation. The rule includes an alternative process of an order to appear instead of a bench warrant and arrest. The rule then requires that if arrested, the individual is given the right to a mandatory forty-eight hour judicial appearance.[5]

At issue in *Cooney* was what immunity a prosecutor was entitled to receive based on the following facts, which facts also reveal the referenced "due process concerns:"

Chris J. White, assistant prosecuting attorney (prosecutor) in Park County, Wyoming, directed a probation officer, resident in Evanston, Uinta County, Wyoming, to prepare a false and perjured petition for revocation of probation against Thomas Russell Cooney. Cooney was working in the oil patch at Bairoil, Wyoming, a corner of Sweetwater County, Wyoming, which is an area under the supervision of the parole office in Rawlins, Carbon County, Wyoming. The prosecutor, knowing that revocation was improper and that the form which he, as deputy county attorney (county official), had directed the probation officer (state official) to prepare was untrue, arranged for the form to be filed in the district court. Based upon this false complaint, the prosecutor secured the issuance of a bench warrant resulting in the incarceration of Cooney for thirty-eight days without opportunity to post bail, be arraigned, secure the assistance of counsel or to obtain any hearing.

*Id.* at 355.

[¶ 13] The 1991 revision, and subsequent amendments, apparently incorporated procedures designed to meet the federal due process requirements established by *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), as well as other requirements established under Wyoming law. *See, e.g., Pearl v. State*, 996 P.2d 688 (Wyo.2000) (right to counsel, state constitution); *Mapp v. State*, 929 P.2d 1222 (Wyo.1996) (due process requirements); *Gailey v. State*, 882 P.2d 888 (Wyo.1994) (probation revocation procedure and due process requirements); *Reese v. State*, 866 P.2d 82 (Wyo.1993) (right to a speedy hearing, state constitution); *Krow v. State*, 840 P.2d 261 (Wyo.1992) (due process rights requirements); *Wlodarczyk v. State*, 836 P.2d 279 (Wyo.1992), *overruled on other grounds by Daugherty v. State*, 2002 WY 52, 44 P.3d 28 (Wyo.2002) (due process requirements and judicial function); *Swackhammer v. State*, 808 P.2d 219 (Wyo.1991) (due process requirements generally and preliminary hearing requirement satisfied by probable cause determination in issuing arrest warrant); *Mason v. State*, 631 P.2d 1051 (Wyo. 1981) (due process requirements); *Weisser v. State*, 600 P.2d 1320 (Wyo.1979) (due process requirements generally and preliminary hearing); and *Knobel v. State*, 576 P.2d 941 (Wyo.1978).

## APPLICATION OF W.R.CR.P. 39(A)(2)

[4, 5] [¶ 14] The version of W.R.Cr.P. 39(a)(2) applicable to the instant appeals states that a "probationer arrested on a warrant and taken into custody shall be taken before a judicial officer without unnecessary

---

5. In 1993, the 1991 version of W.R.Cr.P. 39(a)(2) was amended, deleting ", but in any event within 48 hours of arrest."

delay." W.R.Cr.P. 39(a)(2) (effective until September 1, 2001) (Rule 39). We have said that the phrase "without unnecessary delay" contained in W.R.Cr.P. 5(a) is

> not subject to precise definition, nor does it call for mechanical obedience. Application of the limits of the term is dependent upon both the facts and circumstances of the particular case, viewed in light of the purpose of the rule.

*Cherniwchan v. State*, 594 P.2d 464, 466 (Wyo.1979). It is evident from the plain language of Rule 39(a)(2), and its historical context, that one purpose of the rule is to prevent the "unnecessary" restraint of a probationer's personal liberty between the time he is arrested on a probation revocation warrant and his subsequent appearance before a judicial officer of the court from which the warrant was issued. We note also that a timely appearance is integral to ensuring that a probationer is advised of, and promptly receives consideration regarding, the items listed in Rule 39(a)(3). This is especially true concerning a probationer's right to a "speedy disposition of the charges against him" because Rule 39(a)(4)(B) requires that if "the probationer is in custody because of the probation revocation proceedings, a hearing upon a petition for revocation of probation shall be held within 15 days after the probationer's *first appearance before the court following the filing of the petition.*" (Emphasis added.) *See also Reese*, 866 P.2d at 84.

[¶ 15] Viewing the facts and circumstances of Brown's and Doney's appeals in

light of this purpose, we conclude that Rule 39(a)(2) was violated.[6] The probation revocation arrest warrant was executed on Brown on January 26, 2001, and, according to the record before us, he remained incarcerated until his next appearance before the district court, that being the March 15, 2001, hearing. The probation revocation arrest warrant was executed on Doney on February 2, 2001, and, according to the record before us, he remained incarcerated until his next appearance before the district court, that being the February 20, 2001, hearing. The record does not reference any other instance that Brown or Doney appeared before a judicial officer, and the district court did not provide for bond on the face of either arrest warrant.

[¶ 16] Given the substantial length[7] of these delays, forty-eight and eighteen days, respectively, we are unable to discern any justification in the record to support their "necessity," even allowing for some reasonable delay due to docket management or the logistics inherent in the arrest and judicial processes. Both probation revocation arrest warrants were executed in Fremont County, the county in which the district court sits, not another jurisdiction, and Brown and Doney were arrested exclusively on the probation revocation warrants, not for any other purpose. The record contains no evidence that the district court's schedule necessitated the delays, although it is difficult to conceive of a scheduling difficulty that would necessitate forty-eight or eighteen days in taking a probationer before a judicial officer for what typically amounts to a brief first appearance.[8]

---

6. The State appears to concede that Rule 39(a)(2) was violated in the following statement in its appellate brief: "While the court's failure to comply with Rule 39(a)(2) is not excused by Appellants' inaction, at the same time Appellants should not add their own inaction to that of the court and expect to profit thereby."

7. For context purposes only, and noting the absence in the record of any apparent "necessity" for these delays, the delays exceeded the fifteen days within which to hold a probation revocation hearing for a probationer in custody pursuant to Rule 39(a)(4)(B)(i), the ten days within which to hold a preliminary examination for a defendant in custody pursuant to W.R.Cr.P. 5(c), and although Brown remained in custody, the delay in his case exceeded the thirty days within which to hold a probation revocation hearing for a proba-

tioner not in custody pursuant to Rule 39(a)(4)(B)(i), and the twenty days within which to hold a preliminary examination for a defendant in custody pursuant to W.R.Cr.P. 5(c).

8. At Doney's February 20, 2001, hearing, it took the district court twenty-eight minutes to address Doney, advise Doney of the allegations contained in the revocation petition and in accordance with Rule 39(a)(3), receive and establish a factual basis for Doney's admission of the petitioner's allegations, revoke Doney's probation, hear sentencing recommendations and arguments from the State, Doney's counsel, Doney, and Doney's probation officer, and sentence Doney. At Brown's March 15, 2001, hearing, it took the district court twenty-one minutes to complete these same tasks.

The fact that the district court set Doney's hearing nearly three weeks earlier than Brown's, although Brown was arrested prior to Doney, certainly would undermine such a contention in the instant appeals. The record contains no evidence that the delays were attributable to either Brown or Doney. Accordingly, we can conclude only that the delays were unnecessary and violated Rule 39(a)(2).

### APPROPRIATE REMEDY FOR RULE 39(A)(2) VIOLATION

 [¶ 17] Rule 39 does not provide a specific remedy for violating subsection (a)(2). However, this Court's rulemaking power expressly governs "provisional and final remedies...." Wyo. Stat. Ann. § 5–2–115(a)(i) (LexisNexis 2001). *See also* Wyo. Stat. Ann. § 5–2–114 (LexisNexis 2001). Should a Rule 39(a)(2) violation require a remedy, we prefer to tailor that remedy to the circumstances of each case in light of the harm the rule was promulgated to prevent.

[¶ 18] W.R.Cr.P. 2 states that

[t]hese rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.

Given the lengthy, unnecessary delays in the instant appeals, during which delays Brown and Doney remained in custody, and the referenced purpose of Rule 39(a)(2) and its important nexus to subsections (a)(3) and (a)(4), we conclude that Brown and Doney are entitled to a remedy. Yet, Brown and Doney received copies of the revocation petitions at the time the arrest warrants were executed, the district court did appoint Brown and Doney counsel promptly thereafter, and Brown and Doney did eventually appear before the district court and, after the district court advised them in accordance with Rule 39(a)(3), both chose to admit violating the terms of their respective probations and forego a further adjudicatory hearing. The circumstances do not appear to warrant dismissing with prejudice Brown and Doney's probation revocations,[9] and Brown and Doney have not asked that we do so. Therefore, we find it particularly appropriate in the instant appeals to remand to the district court for modification of its sentencing orders to credit Brown and Doney for time served against their respective minimum and maximum sentences, beginning when each was arrested and ending the date each first appeared before a judicial officer.

---

9. *See, e.g., Reese,* 866 P.2d at 84–85 and *Murray v. State,* 855 P.2d 350 (Wyo.1993), *cert. denied,* 510 U.S. 1045, 114 S.Ct. 693, 126 L.Ed.2d 660 (1994).