2006 WY 159

**James Uriah RAMSDELL, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 05–161.**

Supreme Court of Wyoming.

Dec. 28, 2006.

Representing Appellant: Ken Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; Tina N. Kerin, Senior Assistant Public Defender.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; David Delicath, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

* Chief Justice at time of expedited conference.

BURKE, Justice.

[¶ 1] Mr. Ramsdell appeals from an order revoking his probation for failure to pay restitution. We affirm.

## ISSUES

[¶ 2] Mr. Ramsdell presents the following issues:

Did the trial court err in not dismissing the probation revocation, with prejudice, due to lack of timely hearing?

Did the trial court err in revoking probation, when presented with uncontroverted evidence that Mr. Ramsdell was unable to pay?

The State presents an additional issue:

Does this Court have jurisdiction to consider whether the trial court erred by dismissing the August 17, 2004, probation revocation petition without prejudice?

## FACTS

[¶ 3] In 2001, Mr. Ramsdell pled guilty to one felony count of larceny by bailee, in violation of Wyo. Stat. Ann. § 6–3–402(b), (c)(i) (Michie 1997). He was sentenced to a term of two to five years in the state penitentiary. The sentence was suspended and he was placed on probation. One of the conditions of probation required Mr. Ramsdell to pay restitution in the amount of $7,344.37. His restitution payment was set at $125.00 per month.

[¶ 4] In 2002, Mr. Ramsdell's probation was revoked, in part, because of his failure to meet his restitution obligation. His original prison sentence was imposed with a referral to Boot Camp. Mr. Ramsdell completed the Boot Camp program and was once again placed on probation. Restitution was re-imposed as a condition of probation. Mr. Ramsdell requested permission to move to the state of Washington because of employment opportunities available to him. The court granted his request.

[¶ 5] In 2004, Mr. Ramsdell's probation was revoked for the second time for failing to make restitution payments. At the revocation hearing, Mr. Ramsdell requested permission to move to Idaho where he had a job working for his family's business. He offered to increase his restitution payments to "$550.00 or $600.00" per month. The district court granted Mr. Ramsdell's request, reinstated probation, and set the new restitution payment at $500.00 per month.

[¶ 6] After moving to Idaho, Mr. Ramsdell made two restitution payments. The last payment was received on June 7, 2004. The State filed a third petition for revocation on August 17, 2004, alleging that Mr. Ramsdell had failed to pay restitution.

[¶ 7] Mr. Ramsdell was arrested several months later on March 23, 2005. He appeared before the circuit court on March 25, 2005, and was appointed a public defender at that time. On April 7, 2005, Mr. Ramsdell appeared before the district court where he was advised of the allegations contained in the revocation petition and of his rights. He denied the allegations. The district court set bond and scheduled an evidentiary hearing for April 14, 2005.

[¶ 8] At the April 14th hearing, the State informed the court that it was not prepared to proceed because it had failed to notify its witnesses of the scheduled hearing. Defense counsel orally moved for dismissal of the revocation petition with prejudice. The district court granted the dismissal, but did so without prejudice. A written order granting the dismissal was never entered. The district court did, however, enter a minute order releasing Mr. Ramsdell from custody.

[¶ 9] The next day, the State re-filed its petition seeking revocation on the same grounds as alleged in the August 17, 2004 petition. A hearing was set for April 21, 2005. On the day of the scheduled hearing, Mr. Ramsdell filed a Motion to Dismiss with Prejudice for Lack of Speedy Probation Revocation Hearing; if Denied then Motion to Grant Credit for Time Served Awaiting Probation Revocation Hearing. The district court denied the motion to dismiss.

[¶ 10] The evidentiary hearing was held. The district court found that Mr. Ramsdell had willfully failed to pay his court-ordered restitution. Mr. Ramsdell's probation was revoked and the district court imposed the original two to five year sentence. Mr.

Ramsdell was awarded credit for time served including the time he was confined while awaiting disposition of the August 17, 2004 revocation petition. This appeal followed.

### STANDARD OF REVIEW

[¶ 11] Probation revocation proceedings are reviewed under our abuse of discretion standard.

> A district court's decision to revoke probation is discretionary and will not be disturbed unless the record demonstrates a clear abuse of discretion. . . . Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. The district court's determination that the probation agreement has been violated must be based upon verified facts and must be made pursuant to due process protections.

*Anderson v. State,* 2002 WY 46, ¶ 25, 43 P.3d 108, 118 (Wyo.2002) (internal citations and quotation marks omitted). To the extent that this appeal raises questions of law, those questions are reviewed *de novo. Johnson v. State,* 2006 WY 79, ¶ 7, 137 P.3d 903, 905 (Wyo.2006).

### DISCUSSION

[¶ 12] Mr. Ramsdell initially claims the district court erred by dismissing the August 17, 2004, revocation petition without prejudice. He contends that a dismissal with prejudice should have been ordered because he was not provided a hearing within fifteen days of his first appearance after the filing of the petition as required by W.R.Cr.P. 39(a)(4)(B)(i). He further claims that, because the August petition should have been dismissed with prejudice, the State was precluded from filing the second petition.

[¶ 13] In response, the State first claims that this Court is without jurisdiction to consider this issue. The State contends that Mr. Ramsdell's appeal is untimely because he did not appeal from the oral ruling dismissing the August petition. We reject the State's contention that we lack jurisdiction.

[¶ 14] On April 14, 2005, the district court ruled from the bench that the August petition was dismissed without prejudice. A written order did not follow the court's oral pronouncement. Prior to the hearing on April 21, 2005, Mr. Ramsdell filed another motion to dismiss. The district court orally denied the motion. Again, a written order did not follow.

[¶ 15] W.R.A.P. 2.01(a) provides in pertinent part that "[a]n appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court within 30 days from entry of the appealable order. . . ." "Entry" of an order requires that the order be in writing and filed with the clerk of court. *See, e.g.,* Black's Law Dictionary 533 (6th ed.1990) (defining the term entry as "a setting down in writing of particulars" and/or "to file or . . . deposit"). *See also, State v. Gwyther,* 589 N.W.2d 575, 578 (N.D.1999) (holding that an oral ruling is not an appealable order); *Commonwealth of Kentucky v. West,* 147 S.W.3d 72, 74 (Ky.2004) (finding it axiomatic that the appealable order be in writing).

[¶ 16] Mr. Ramsdell was not required to appeal from the oral ruling.[1] He appealed from the Order Revoking Probation and Judgment and Sentence. This order was the first written order entered after the petition for revocation was filed. The appeal was timely and we have jurisdiction to consider this issue.

[¶ 17] Alternatively, the State claims that Mr. Ramsdell received an appropriate remedy for violation of the time limits set forth in W.R.Cr.P. 39.[2] In *Reese v. State,*

---

1. "The lack of writing does not mean that there is no order. It simply means that [the appellate court has] no jurisdiction to review the order, because the right of appeal exists only from the time of entry of the order." *State ex rel. Hildebrand v. Kegu,* 59 Wis.2d 215, 207 N.W.2d 658, 659–660 (1973).

2. We question whether a violation of the time limits set forth in W.R.Cr.P. 39 occurred. The rule requires a hearing within fifteen days of the first appearance before the court. W.R.Cr.P. 39(a)(3) requires the court to advise the probationer of the allegations contained in the petition for revocation and of his or her rights at the first

866 P.2d 82, 84 (Wyo.1993), we held that the time limits set forth in W.R.Cr.P. 39 are considered advisory in nature and are not mandatory.[3] We explained that:

> [t]he time limits prescribed by Rule 39 do not establish the parameters of the district court's jurisdiction, since the district court retained its original jurisdiction, but rather seek to prevent delays in contravention of a defendant's constitutional right to a speedy disposition of the charges against him. Federal due process requires that a probationer be afforded an opportunity for a revocation hearing within a reasonable time after he is taken into custody. *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593, 2603–04, 33 L.Ed.2d 484, 498 (1972).
>
> ... [T]he court may, as indicated by the rule, deviate from the prescribed times for good cause....
>
> We therefore conclude that, while the thirty and fifteen-day time limits set forth in Rule 39 should be adhered to, failure to do so will not divest the trial court of its jurisdiction, nor will it result in an automatic dismissal of the revocation petition.

*Reese*, 866 P.2d at 84. We have also recognized that courts are permitted to "tailor [a] remedy to the circumstances of each case in light of the harm the rule was promulgated to prevent" because the rule does not provide specific remedies for violations. *Doney v. State*, 2002 WY 182, ¶ 17, 59 P.3d 730, 737 (Wyo.2002).

[¶ 18] In this case, the district court set the evidentiary hearing for April 14, 2005. Mr. Ramsdell did not object to the court's setting. When the State advised the district court that it was unable to proceed with the scheduled evidentiary hearing, the district court dismissed the petition and ordered Mr. Ramsdell's release from custody. After revoking Mr. Ramsdell's probation on April 21, 2005, the district court awarded Mr. Ramsdell credit for his time in custody pending disposition of the revocation proceedings.

[¶ 19] Both of these remedies are appropriate under the circumstances of this case. *See, e.g., Doney*, ¶ 18, 59 P.3d at 737 (finding credit for time served an appropriate remedy for the 48 day and 18 day violations of the time limit set forth in W.R.Cr.P. 39 rather than issuing a dismissal with prejudice). Although Mr. Ramsdell urges us to require dismissal of the petition with prejudice, nothing in the rules or in our case law mandates that result. While we envision situations where a dismissal with prejudice might be

---

appearance. The probationer is then required to either admit or deny the allegations. W.R.Cr.P. 39(a)(4). Mr. Ramsdell contends that his first appearance occurred on March 25, 2005, when he was brought before the circuit court and appointed a public defender. A transcript of this appearance does not exist. As a result, we cannot determine whether Mr. Ramsdell was given the W.R.Cr.P. 39(a)(3) advisements at that time. We can only assume that the sole purpose of this appearance was to bring Mr. Ramsdell before a judicial officer without unnecessary delay in accordance with W.R.Cr.P. 39(a)(2). However, a transcript of the April 7, 2005, hearing is contained in the record. Mr. Ramsdell was advised of the allegations asserted in the petition for revocation and advised of his rights. He also denied the allegations. If April 7, 2005, was in fact the first appearance before the court as provided in W.R.Cr.P. 39(a)(3), the hearing held on April 21, 2005, would be within the fifteen-day time period set forth in the rule. This analysis is in accord with the district court's comments concerning this issue during the April 21, 2005, hearing. The district court commented that

> the reason they go to the Circuit Court is so they can get a public defender appointed. It is not the first appearance in the District Court. It is simply an attempt to help the jail with its overcrowding problems and to move these cases along. I think the first appearance under that rule would be in this court, which we call an arraignment for classification[ ] purposes.

Despite this discussion, the district court and the State proceeded as if a violation of the time limits occurred. Therefore, we too will proceed on that basis.

3. W.R.Cr.P. 39(a)(4)(B)(i) provides in pertinent part:

> If the probationer is in custody because of the probation revocation proceedings, a hearing upon a petition for revocation of probation shall be held within 15 days after the probationer's first appearance before the court following the filing of the petition. If the probationer is not in custody because of the probation revocation proceedings, a hearing upon the petition shall be held within 30 days after the probationer's first appearance following the filing of the petition. For good cause the time limits may be extended by the court.

appropriate, the circumstances here do not warrant it. We find no error in the district court's decision to dismiss the petition for revocation without prejudice.

### Willful Failure to Pay Restitution

[¶ 20]   Mr. Ramsdell also challenges the district court's determination that he willfully failed to pay his restitution. He claims the State did not refute evidence that he was unable to pay because of his financial situation. He further claims that because the district court did not consider alternatives to imprisonment, his due process rights were violated.

[¶ 21]   At the evidentiary hearing, an employee of the Wyoming Department of Corrections testified that Mr. Ramsdell had not made his court-ordered restitution payments. The State produced evidence that Mr. Ramsdell made only two restitution payments from the date of his last probation revocation through the filing of the petition to revoke.[4]   Once the State demonstrated a failure to pay, the burden shifted to Mr. Ramsdell to establish that he had an inability to pay restitution. *Dickson v. State*, 903 P.2d 1019, 1023 (Wyo.1995).

[¶ 22]   Mr. Ramsdell testified concerning the reasons for his failure to pay. According to his testimony, his family's business started going under after he made his last restitution payment on June 7, 2004. The business eventually closed in August 2004. He advised the court that even though he knew the business was going under, he didn't look for another job because he didn't want to leave his family "high and dry." Mr. Ramsdell explained: "I mean, I could have started working somewhere else, but then again, I could have also lost my place to live because of the fact that I wasn't working with them." He further testified that he has been working part-time for Clear Channel Communications. Mr. Ramsdell also produced copies of his 2003 and 2004 tax returns showing an annual income of $4,737.00 and $2,735.00 respectively.

[¶ 23]   At the conclusion of the probation revocation hearing, the district court deter-mined that Mr. Ramsdell had willfully failed to pay his court-ordered restitution. The court reasoned that Mr. Ramsdell is "an able-bodied man, able to make payments, able to get a job. Just because he doesn't want to get a full-time job or get another job is of no concern to this Court." We cannot say that the district court abused its discretion in reaching its conclusion.

[¶ 24]   Mr. Ramsdell did not produce any evidence concerning his living situation or his monthly bills. He also did not produce any evidence that he had a physical or mental disability which prevented him from obtaining full-time employment or that economic conditions were a factor in his case. Mr. Ramsdell's testimony indicated he could have found alternative employment in order to meet his restitution obligation, but chose not to. As a result, Mr. Ramsdell did not meet his burden of establishing an inability to pay.

[¶ 25]   In probation revocation cases,

> [a]ll that is essential is the court's conscientious judgment after hearing the facts that the violation has occurred. This should not be an arbitrary action and should include a consideration of both the reasons underlying the original impositions of conditions, the violation of these, and the reasons leading to such violation.

*Gailey v. State*, 882 P.2d 888, 891 (Wyo.1994). In this case, Mr. Ramsdell was originally sentenced on October 4, 2001, at which time it was determined that he had an ability to pay restitution in the amount of $125.00 per month. Thereafter, Mr. Ramsdell's probation was revoked twice for his failure to pay restitution. During his second revocation hearing, Mr. Ramsdell represented an ability to increase his payments to "$550.00 or $600.00" per month. However, he failed to make any payments in any amount after June 7, 2004, despite his continued employment with the family's business until its closure and his employment with Clear Channel Communications. Mr. Ramsdell's failure to apply any of the funds available to him toward his restitution supports the district court's finding that he willfully failed to pay. *See, e.g., Badura v. State*, 832 P.2d 1390,

---

4.   One payment was in the amount of $500.00 and the other was in the amount of $400.00.

1393 (Wyo.1992) (finding appellant's failure to pay anything toward restitution was willful and a legitimate reason for revoking probation).

[¶ 26] Relying on *Bearden v. Georgia*, 461 U.S. 660, 672, 103 S.Ct. 2064, 2073, 76 L.Ed.2d 221 (1983), Mr. Ramsdell also claims that his due process rights were violated because the district court did not consider alternatives to imprisonment. Mr. Ramsdell's claim is without merit. In *Bearden*, the United States Supreme Court held that:

> a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment.

*Bearden*, 461 U.S. at 672, 103 S.Ct. at 2073. Mr. Ramsdell admitted that he made no effort to look for other employment when his family's business started to fold. There is no evidence that Mr. Ramsdell made any effort to borrow money, seek modification of the terms of the order, or notify the court of a change in circumstances. *See, e.g., Dickson*, 903 P.2d at 1024.

> [A] probationer's failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine or restitution may reflect an insufficient concern for paying the debt he owes to society for his crime. In such a situation, the State is . . . justified in revoking probation and using imprisonment as an appropriate penalty for the offense.

*Bearden*, 461 U.S. at 668, 103 S.Ct. at 2070. We find no error in the district court's decision to revoke Mr. Ramsdell's probation and impose his original prison sentence.

[¶ 27] Affirmed.