# IN THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 121

OCTOBER TERM, A.D. 2024

November 20, 2024

JOSEPH LYLE FREDRICK,

Appellant
(Defendant),

v.

S-24-0099

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sweetwater County*
*The Honorable Suzannah G. Robinson, Judge*

*Representing Appellant:*

Office of the State Public Defender: Brandon Booth, State Public Defender*; Kirk Allan Morgan, Chief Appellate Counsel; H. Michael Bennett, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Bridget L. Hill, Attorney General; Jenny Lynn Craig, Deputy Attorney General; Kristen Reeves Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

*An Order Substituting Brandon Booth for Ryan Roden was entered on October 10, 2024.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Joseph Lyle Fredrick appeals the district court's order revoking his probation and reinstating his underlying sentence. Mr. Fredrick contends the court violated his due process rights by failing to timely hold a final adjudication hearing, permitting a probation officer to testify by video, and allowing the revocation matter to proceed without discovery of certain probation records. We affirm.

## ISSUES

[¶2]    Mr. Fredrick raises one issue on appeal, which we rephrase as three:

I.     Did the district court abuse its discretion when it extended Mr. Fredrick's probation revocation hearing beyond the 15-day limit specified in W.R.Cr.P. 39(a)(4)(B)(i)?

II.    Did the district court violate Mr. Fredrick's due process rights by permitting the probation officer to testify by video during the probation revocation hearing?

III.   Did the district court abuse its discretion when it concluded certain probation records Mr. Fredrick demanded were privileged under Wyo. Stat. Ann. § 7-13-409 (2023) and the discovery dispute did not warrant dismissal?

## FACTS

[¶3]    In June 2021, the State charged Mr. Fredrick with multiple counts of possession of a controlled substance (testosterone, marijuana, and heroin) and misdemeanor theft. Mr. Fredrick pled guilty to felony possession of marijuana and misdemeanor possession of heroin in exchange for the dismissal of the other charges. The district court sentenced him to 117 days imprisonment for the misdemeanor charge with credit for 117 days served. On the felony charge, the court sentenced Mr. Fredrick to three to five years of incarceration, suspended for three years of supervised probation. At the time of his sentencing, Mr. Fredrick resided in Oregon. His probation was transferred there through the Interstate Compact for Adult Offender Supervision.

[¶4]    In September 2023, the State filed a petition to revoke Mr. Fredrick's probation claiming he absconded and had no contact with his Oregon probation officer after July 2023. Mr. Fredrick was arrested in Oregon on November 28, 2023, transported to Wyoming December 14, and remained in custody until the petition was decided. The district court held Mr. Fredrick's initial appearance on December 19 and set his

1

adjudication hearing for December 27. Prior to the hearing, the State moved to allow Mr. Fredrick's Oregon probation officer to appear remotely by video. The court granted the motion.

[¶5] On December 26, the State amended its petition, adding an allegation that Mr. Fredrick used fentanyl in violation of his probation conditions. During the adjudication hearing the next day, the district court provided initial appearance advisements based on the amended petition, and Mr. Fredrick denied the allegations against him. Mr. Fredrick's counsel asserted he did not receive the motion to allow the probation officer to appear by video and he had not received any discovery from the State. The district court continued the hearing to January 5, 2024, due to the lack of discovery and the probation officer's failure to appear at the hearing.

[¶6] At the January 5 hearing, the probation officer appeared by video. During cross-examination, Mr. Fredrick learned the probation officer had additional documents that she had not provided to either party prior to the hearing. Mr. Fredrick moved to dismiss the revocation petition for "failure of the State to provide discovery." The district court denied the motion but offered another continuance to allow resolution of the alleged discovery violation. Mr. Fredrick objected to the proposed continuance because, if he remained in custody, it would violate the 15-day limit specified in W.R.Cr.P. 39(a)(4)(B)(i).

[¶7] Mr. Fredrick renewed his motion to dismiss at the close of the State's evidence because various probation reports and other documents were not produced in response to his discovery request. The State responded, claiming the probation records were privileged under Wyo. Stat. Ann. § 7-13-409. The district court heard argument from both parties, clarified what documents were exchanged prior to the hearing, and took the discovery dispute and motion to dismiss under advisement. The court scheduled another hearing for January 19. The day before that hearing, Mr. Fredrick filed a supplemental brief regarding the discovery dispute.

[¶8] At the January 19 hearing, the court denied Mr. Fredrick's motion to dismiss and found certain documents he sought from the probation officer were privileged under Wyo. Stat. Ann. § 7-13-409. It also concluded there had been good cause for the continuances. Finding that Mr. Fredrick had violated the terms of his probation agreement, the court revoked his probation and reinstated his three- to five-year sentence, with credit for time served. Mr. Fredrick timely appealed.

## STANDARD OF REVIEW

[¶9] We review probation revocation decisions for an abuse of discretion. *Farthing v. State*, 2021 WY 114, ¶ 10, 496 P.3d 783, 786 (Wyo. 2021) (citation omitted). A district court does not abuse its discretion if it could reasonably conclude as it did. *Benedict v. State*, 2024 WY 55, ¶ 20, 548 P.3d 989, 995 (Wyo. 2024) (citations omitted). Probation

revocation proceedings are subject to constitutional due process. We review constitutional claims de novo. *Counts v. State*, 2008 WY 156, ¶ 11, 197 P.3d 1280, 1283 (Wyo. 2008) (citations omitted).

## *DISCUSSION*

### I. *The district court did not abuse its discretion when it found good cause to continue the hearing past the 15-day time limit specified in W.R.Cr.P. 39(a)(4)(B)(i).*

[¶10] Mr. Fredrick argues the district court violated his right to due process by continuing his revocation hearing past the 15-day limit specified in W.R.Cr.P. 39(a)(4)(B)(i). Mr. Fredrick's final adjudication came thirty-one days after his first initial appearance and twenty-three days after his initial appearance on the State's amended petition. We conclude the district court acted within its discretion in finding good cause to continue the hearing in both instances.[1]

[¶11] Wyoming Rule of Criminal Procedure 39(a)(4)(B)(i) states:

> If the probationer is in custody because of the probation revocation proceedings, a hearing upon a petition for revocation of probation shall be held **within 15 days** after the probationer's first appearance before the court following the filing of the petition. If the probationer is not in custody because of the probation revocation proceedings, a hearing upon the petition shall be held within 30 days after the probationer's first appearance following the filing of the petition. **For good cause the time limits may be extended by the court.**

(emphasis added). Rule 39's time limits are designed to prevent delays that contravene a defendant's right to a "speedy disposition of the charges against him." *Reese v. State*, 866 P.2d 82, 84 (Wyo. 1993) ("Federal due process requires that a probationer be afforded an opportunity for a revocation hearing within a reasonable time after he is taken into custody." (citing *Morrisey v. Brewer*, 408 U.S. 471, 488, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)).

[¶12] Because a decision to extend revocation proceedings beyond the 15-day time limit is discretionary, we review an extension for any abuse of that discretion. *See Lessner v. State*, 549 P.3d 763, 767 (Wyo. 2024) (citations omitted). The probationer carries the

---

[1] There is only brief discussion in the record whether the W.R.C.P. 39(a)(4)(B)(i) time limit resets after a petition is amended and refiled. Because we conclude the district court's continuances were reasonable regardless of whether a reset is appropriate, we do not further address this issue.

burden of proving a delay was both unreasonable and prejudicial. *Reese*, 866 P.2d at 84–85 (citations omitted).

[¶13]   Adherence to the fifteen-day time limit in Rule 39(a)(4)(B)(i) is important, but failure to do so does not implicate the court's jurisdiction. *See id.* at 83–84 (citations omitted). In reviewing an alleged violation of these time limits, our primary consideration is whether the probationer's revocation hearing occurs within a reasonable time. *Reese*, 866 P.2d at 84 (citing *Morrisey*, 408 U.S. at 488). When making that determination, we consider the cause of the delay, the length of the delay against the prescribed timeframe, and whether the delay prejudiced the probationer. *Id.* at 84 (citing *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972)).

[¶14]   We first look at the cause of the delay. *Id.* The State's initial request for a continuance from December 27 to January 5 stemmed, in part, from the probation officer's failure to appear at the December 27 hearing. However, the continuance also allowed the State to perfect its W.R.Cr.P. 26(b) motion to permit video testimony,[2] and allowed Mr. Fredrick to review the State's untimely discovery. The United States Supreme Court has recognized that a "valid reason, such as a missing witness" justifies an appropriate delay. *See Barker*, 407 U.S. at 531 (evaluating delays in the context of the constitutional right to a speedy trial). Here, the probation officer's failure to appear, together with the need to address other discovery and procedural fairness issues, warranted a continuance.

[¶15]   The second continuance—from January 5 to January 19—occurred because the court wanted to further consider Mr. Fredrick's motion to dismiss the petition based on missing discovery. Mr. Fredrick timely filed a demand for discovery on December 22. The morning of the January 5 hearing, the action plan governing Mr. Fredricks's probation was exchanged in discovery, and it was admitted as a hearing exhibit. The Oregon probation officer testified about monthly reports and notes she kept, but had not previously disclosed. A probation officer in Wyoming testified about the initial probation agreement, interstate transfer application, and other records which were not provided in discovery. In response to Mr. Fredrick's motion to dismiss for lack of discovery, the State claimed all these documents were privileged from disclosure under Wyo. Stat. Ann. § 7-13-409. The court took Mr. Fredrick's motion to dismiss under advisement and continued the adjudicatory hearing a second time.

[¶16]   If the record disclosed that the State made its privilege claim in a deliberate attempt to delay the proceedings and hinder Mr. Fredrick's defense, we would question the reason for the second continuance. *Barker*, 407 U.S. at 531. ("A deliberate attempt to delay the

---

[2] Mr. Fredrick objected to the district court's order permitting the probation officer to testify by video because he did not receive the five-day notice from the State required by W.R.Cr.P. 26(b). The court acknowledged the State's failure to meet the requirements and vacated the prior order allowing the video testimony. The State then filed a second motion with proper notice. The court granted the motion.

trial in order to hamper the defense should be weighted heavily against the government." (citations omitted)). But that is not the case here, and Mr. Fredrick does not argue as much. Instead, he suggests that *Doney v. State*, 2002 WY 182, 59 P.3d 730 (Wyo. 2002) should guide us to an appropriate remedy for the Rule 39 violation he alleges. Mr. Fredrick's reliance on *Doney* is misplaced. In *Doney* we examined consolidated claims challenging initial appearance delays under W.R.Cr.P. 39(a)(2), not the timeliness of adjudicatory hearings under Rule 39(a)(4). *Id.* *Reese*, which Mr. Fredrick did not address, provides the framework for analysis of delays under W.R.Cr.P. 39(a)(4). *Reese*, 866 P.2d at 84–85. Applying *Reese*, we find nothing unreasonable in the additional continuance for the court to consider the newly raised privilege and discovery issue and make a final decision.

[¶17] We next consider the length of the overall delay against the prescribed timeframe. *Reese*, 866 P.2d at 84 (citations omitted). When the court continued the first adjudicatory hearing to January 5, just two days beyond the 15-day limit after the December 19 initial appearance, it noted it could offer an earlier hearing date but that the earlier date would occur in the middle of defense counsel's upcoming jury trial and a jury trial for the court. It therefore set the hearing for the next available date of January 5. As noted above, the second continuance—from January 5 to January 19—occurred so that the court could consider Mr. Fredrick's motion to dismiss for not having received the probation officers' records. Mr. Fredrick's January 19 hearing occurred 16 days after the prescribed 15-day limit. Mr. Fredrick again relies on *Doney*—a case involving a 48-day and 18-day delay before an initial appearance, not an adjudicatory hearing—to suggest his delay was unreasonably long. He also points to W.R.Cr.P. 2, directing application of the rules to eliminate unjustifiable delay, but provides no additional argument or authority to explain why, applying the controlling precedent in *Reese*, a 16-day delay for an adjudicatory hearing is unreasonable given the circumstances discussed above. *Reese*, 866 P.2d at 84–85 ("The probationer carries the burden of proving the unreasonableness of the delay[.]"); *Moore v. State*, 2003 WY 153, ¶ 11, 80 P.3d 191, 195 (Wyo. 2003) (declining to consider nonjurisdictional issues without adequate support).

[¶18] Finally, we consider whether Mr. Fredrick demonstrated the 16-day delay prejudiced him. *Reese*, 866 P.2d at 84–85. He provides no argument or analysis to explain how that delay substantially affected his rights beyond general references to the right to have a speedy disposition of the petition. Nor, perhaps, could he since the record reflects Mr. Fredrick received 53 days of credit for the time he spent in custody—from the date of his arrest on November 28 to the date of the January 19 hearing—waiting for his final revocation hearing. When revocation proceedings are delayed, sometimes dismissal is appropriate, but sometimes credit for time served while waiting for a final revocation hearing is the remedy. *Ramsdell v. State*, 2006 WY 159, ¶ 19, 149 P.3d 459, 463–64 (Wyo. 2006) (affirming that either remedy can be appropriate depending on the circumstances of a case); *Doney*, 2002 WY 182, ¶ 17, 59 P.3d at 737 ("Should a Rule 39(a)(2) violation require a remedy, we prefer to tailor that remedy to the circumstances of each case in light of the harm the rule was promulgated to prevent.") The receipt of credit, even if we found

a Rule 37 violation, diminishes any prejudice in this case. *Ramsdell*, 2006 WY 159, ¶ 18, 149 P.3d at 463; *Doney*, 2002 WY 182, ¶ 18, 59 P.3d at 737 (affirming that dismissal for a delay in revocation proceedings was not warranted but remanding the sentence to include credit for time served while waiting for the revocation hearing).

[¶19]  Because the causes for and length of the delays were reasonable, and because Mr. Fredrick did not establish prejudice, we conclude the district court did not abuse its discretion when it extended Mr. Fredrick's revocation hearing beyond the 15-day time limit in W.R.Cr.P. 39(a)(4)(B)(i).

## II.    The district court did not violate Mr. Fredrick's due process rights when it permitted the probation officer to testify by video.

[¶20]  Mr. Fredrick contends the district court violated his confrontation rights under the Sixth Amendment of the United States Constitution when it permitted his Oregon probation officer to testify by video.  The Sixth Amendment gives an accused the right to confront the witnesses against him. *Bush v. State*, 2008 WY 108, ¶ 49, 193 P.3d 203, 214 (Wyo. 2008).  This constitutional right is not absolute, but "reflects a preference for face-to-face confrontation at trial[.]" *Id.* at 214–15 (citation omitted).  We have held "the presentation of witness testimony by video teleconference is not permissible unless: 1) it is necessary to further an important public policy, and 2) the reliability of the testimony is otherwise assured."[3] *Id.* at 215.  Mr. Fredrick cites *Bush* to argue the Oregon probation officer's remote testimony did not further an important public policy and thus should have been in person.  His reliance on this precedent is misplaced because probation revocation proceedings are not criminal prosecutions to which Sixth Amendment protections attach.

[¶21] Mr. Fredrick overlooks that the Sixth Amendment's protections only apply to "criminal prosecutions[.]" *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]").  Federal precedent has established that probation revocation proceedings are not criminal prosecutions subject to Sixth Amendment protections. *See, e.g.*, *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973) ("Probation revocation, like parole revocation, is not a stage of a criminal prosecution[.]"); *see also United States v. Williams*, 106 F.4th 1040, 1045 (10th Cir. 2024) ("This right to confront [under the federal rules related to revocation hearings] is not coextensive with the Sixth Amendment right to confrontation, because revocation hearings are not criminal prosecutions." (citation omitted)).

---

[3] W.R.Cr.P. 43.1 now specifically addresses "Use of Videoconferencing."  Rule 43.1(c)(2) provides that jury trials and felony bench trials shall not be conducted by videoconference but "[t]his limitation does not restrict appearance of witnesses by electronic means if authorized by Rule 26(b)."

6

[¶22] State courts likewise have held that revocation proceedings are not criminal prosecutions but rather "purely administrative acts" to determine whether a probationer has violated the terms and conditions of their probation. *See, e.g.*, *State v. Haagenson*, 2010 MT 95, ¶ 15, 232 P.3d 367, 372 (Mont. 2010); *State v. Maynard*, 2010 MT 115, ¶ 28, 233 P.3d 331, 341 (Mont. 2010) (describing a probation revocation as "a supervisory act involving the enforcement of conditions imposed on a term of parole or probation" (citation omitted)); *Cross v. State*, 586 S.W.2d 478, 481 (Tex. Crim. App. 1979) ("Probation revocation proceedings are administrative in nature." (citation omitted)); *see also Troupe v. State*, 903 S.E.2d 721, 726 (Ga. Ct. App. 2024) ("[I]t is well-settled that a probationer facing revocation is not entitled to the full panoply of constitutional due process rights which attach to an accused in a criminal prosecution." (citation omitted)); *Peters v. State*, 984 So. 2d 1227, 1233 (Fla. 2008) ("[A] revocation proceeding cannot be equated to a criminal prosecution for Sixth Amendment Confrontation Clause purposes.").

[¶23] Our precedent recognizes that probation revocations are not criminal prosecutions subject to the "full panoply of rights available under the Sixth Amendment[.]" *Robinson v. State*, 2016 WY 90, ¶ 34, 378 P.3d 599, 608 (Wyo. 2016) (citing *Mason v. State*, 631 P.2d 1051, 1055 (Wyo. 1981)); *Counts v. State*, 2008 WY 156, ¶ 13, 197 P.3d 1280, 1284 (Wyo. 2008) (citations omitted); *see also Peterson v. State*, 2024 WY 107, ¶ 8, —P.3d— (Wyo. 2024) (citations omitted). We have stated a probation revocation hearing is "simply an extension of the sentencing procedure resulting from the conviction of the basic charge" rather than a "trial on a new criminal charge." *Counts*, 2008 WY 156, ¶ 13, 197 P.3d at 1284 (citation omitted). In line with this reasoning and these precedents, we hold Mr. Fredrick does not have a Sixth Amendment right to confront an adverse witness in a probation revocation proceeding.

[¶24] However, because probation revocation proceedings may result in the loss of liberty, a probationer is afforded due process under the Fourteenth Amendment and W.R.Cr.P. 39(a)(5)(A).[4] *Robinson*, 2016 WY 90, ¶¶ 34–37, 378 P.3d at 608–09 (citations omitted). That due process protection is assured when the district court provides a probationer a two-part hearing. *Id.*, 2016 WY 90, ¶ 34, 378 P.3d at 608 (citation omitted). "The first part, the adjudicatory phase, requires the district court to determine by a preponderance of the evidence whether a condition of probation was violated. The second, dispositional phase, is triggered only upon a finding that a condition of probation was violated." *Mapp v. State*, 929 P.2d 1222, 1226 (Wyo. 1996) (citation omitted); *Robinson*, 2016 WY 90, ¶ 34, 378 P.3d at 608 (citation omitted).

[¶25] During the adjudication phase, W.R.Cr.P. 39(a)(5)(A) ensures that "[t]he probationer shall have the right . . . to confront and examine adverse witnesses[.]" The rule

---

[4] "The probationer shall have the right to appear in person and by counsel, to confront and examine adverse witnesses, and at the dispositional stage to make a statement in mitigation of revocation." W.R.Cr.P. 39(a)(5)(A).

is silent, however, concerning the use of video testimony. The rule neither requires, nor indicates a preference for, in-person testimony. Mr. Fredrick cites no caselaw, and we can find none, suggesting a witness must be confronted in person during probation revocation proceedings. To the contrary, W.R.Cr.P. 26(b) grants the district court the discretion to allow video testimony. It expressly provides the court "may permit a witness to testify by electronic means at *any* hearing[.]" W.R.Cr.P. 26(b) (emphasis added). The district court found there was good cause to grant the State's second motion to permit the out-of-state probation agent's video testimony.[5]

[¶26] During the hearing, the State called Mr. Fredrick's supervising probation officer, located in Oregon, to testify by video to discuss Mr. Fredrick's probation violations. Mr. Fredrick was present to hear the Oregon probation officer's direct testimony and his counsel cross-examined the officer. As such, he was able to confront and examine an adverse witness as contemplated under W.R.Cr.P. 39(a)(5)(A). Mr. Fredrick generally concedes in his brief that video testimony is reliable, and he does not present any argument on how he was unfairly prejudiced by such testimony. The district court therefore complied with the rule and afforded Mr. Fredrick the process he was due under the Fourteenth Amendment. *See Robinson*, 2016 WY 90, ¶ 37, 378 P.3d at 609 (quoting *Mapp*, 929 P.2d at 1226); W.R.Cr.P. 39(a)(5)(A).

### III. The district court did not abuse its discretion when it concluded certain probation records were privileged under Wyo. Stat. Ann. § 7-13-409 and the discovery dispute did not otherwise warrant dismissal of the petition.

[¶27] Mr. Fredrick also appeals the district court's decision that the probation records his supervising probation officers relied on during their testimony were privileged. To put this argument in context, we note that Mr. Fredrick moved to dismiss the State's revocation petition because he had not been provided with certain discovery. The court ruled, in large part, the State had not violated its discovery obligations because certain documents Mr. Fredrick sought access to were privileged under Wyo. Stat. Ann. § 7-13-409.[6] However, the court made clear there were other nuances of the proceeding that informed its decision not to dismiss the petition. We review this decision for an abuse of discretion. *State v. Naple*, 2006 WY 125, ¶ 2, 143 P.3d 358, 360 (Wyo. 2006) (reviewing dismissal for a

---

[5] Mr. Fredrick does not contend, or make any argument, that the court abused its discretion when it permitted the video testimony other than to assert the court violated his confrontation rights under the Sixth Amendment—an argument we addressed above.

[6] Wyo. Stat. Ann. § 7-13-409 states:

> All information and data obtained in the discharge of official duties by probation and parole agents is privileged information and shall not be disclosed directly or indirectly to anyone other than to the judge, the department or to others entitled to receive reports unless and until otherwise ordered by the judge, board or department.

8

discovery violation); *Roach v. State*, 901 P.2d 1135, 1136 (Wyo. 1995) (citation omitted) (reviewing a decision quashing a subpoena requesting privileged records).

[¶28]  Mr. Fredrick complains he was advised at his initial appearance that he had a right to discovery under W.R.Cr.P. 16 but was then denied that right because some of the materials prepared by Mr. Fredricks's two probation officers were not provided in response to his discovery demand.  During the probation revocation hearing, the Oregon probation officer testified to notes she kept in a computer database, monthly reports, a violation report, and an action plan she maintained during her time supervising Mr. Fredrick.  The Wyoming probation agent testified about Mr. Fredrick's original probation agreement and the interstate transfer application.

[¶29]  The action plan was provided in response to Mr. Fredrick's discovery demand and became an exhibit at the January 5 hearing.  The violation reports initiated the petition and were provided in discovery.  The monthly reports were to be filled out by the probationer, and the probation agreement and interstate transfer application were signed and provided to Mr. Fredrick at the beginning of his probation.  Because Mr. Fredrick either received or completed these materials himself, we address them separately below.  The remaining documents were notes the Oregon probation officer kept on her computer.  Neither party disputes that she prepared these notes in the course of her official duties.  As such, Wyo. Stat. Ann. § 7-13-409 deems them privileged.  *Alexander v. State*, 823 P.2d 1198, 1203 (Wyo. 1992) (applying the statutory privilege of Wyo. Stat. Ann. § 7-13-409 to the notes of a probation officer).  In *Roach*, we concluded a probationer cannot circumvent this privilege by demanding the records though W.R.Cr.P. 16.  *Roach*, 901 P.2d at 1136–37 ("Appellant could not circumvent the statutory privilege by demanding that the information be given to him pursuant to W.R.Cr.P. 16." (citation omitted)).  Thus, the district court did not abuse its discretion when it concluded the probation officer's notes were privileged.

[¶30]  As to the materials Mr. Fredrick previously received or filled out himself—the probation agreement and monthly reports—the law and record support the district court's broader decision to deny Mr. Fredrick's motion to dismiss.  On appeal both Mr. Fredrick and the State focus on the protection of those documents under Wyo. Stat. Ann. § 7-13-409.  Mr. Fredrick asserts the State should have raised its statutory privilege argument earlier so the court could have conducted additional proceedings.  Notably, however, statutory privilege was not the sole basis for the court's decision to deny Mr. Fredrick's motion to dismiss the State's petition.

[¶31] W.R.Cr.P. 16 provides for a variety of remedies for discovery violations.[7] W.R.Cr.P. 16(d)(2).  Dismissal of the proceeding is an available remedy but one to be

---

[7] W.R.Cr.P. 16(d)(2) provides:

"exercised with extreme caution." *Naple*, 2006 WY 125, ¶ 12, 143 P.3d at 362. In *Naple*, we recognized factors courts consider when determining whether dismissal should be the remedy: (1) bad faith by the State or the reasons for the discovery delay, (2) prejudice to the defendant, and (3) the feasibility of curing the prejudice with a continuance. *Id.* (citation omitted).

[¶32] The record on appeal makes clear the district court considered these factors when it offered Mr. Fredrick three continuances related to discovery. The record contains no evidence that the State acted in bad faith. To the contrary, counsel for the parties talked about discovery needs and the State acquired and provided the document defense counsel requested (the action plan). The court also noted the probation agreement and reports were documents known to Mr. Fredrick and he could have subpoenaed them prior to the hearing if he had wanted them. Finally, the court found, based on witness testimony and credibility, that the documents Mr. Fredrick demanded were more likely "inculpatory" than exculpatory, and, therefore, Mr. Fredrick suffered no prejudice. For these reasons, we hold that the district court did not abuse its discretion when it denied Mr. Fredrick's motion for dismissal. *See Naple*, 2006 WY 125, ¶ 12, 143 P.3d at 362.

## *CONCLUSION*

[¶33] The district court did not abuse its discretion under W.R.Cr.P. 39(a)(4)(B)(i) when it found good cause to extend Mr. Fredrick's probation revocation hearing beyond the specified 15-day period. The district court did not violate Mr. Fredrick's due process rights when it permitted the Oregon probation officer to testify by video. Nor did the court abuse its discretion when it determined certain probation records were privileged under Wyo. Stat. Ann. § 7-13-409 and Mr. Fredrick's discovery objections did not otherwise warrant dismissal of the petition to revoke his probation. For these reasons, we affirm.

---

(2) Failure to Comply.—If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances. The court may specify the time, place and manner of making the discovery and inspection and may prescribe such terms and conditions as are just.